MINNESOTA PESTICIDE INFOR-
MATION & EDUCATION,
INC., Plaintiff,

v.

Edward MADIGAN, et al., Defendants.

Civ. No. 3–92–495.

United States District Court,
D. Minnesota,
Third Division.

March 12, 1993.

Mark F. Ten Eyck, Popham, Haik, Schnobrich & Kaufman, Minneapolis, MN, William Perry Pendley, Todd S. Welch, John G. Nelson, Mountain States Legal Foundation, Denver, CO, for plaintiff.

Friedrich Anson, Paul Siekert, U.S. Atty's. Office, Minneapolis, MN, for defendants.

### ORDER

MAGNUSON, District Judge.

This matter is before the court upon defendants Edward Madigan, F. Dale Robertson, Floyd J. Marita and the United States Forest Service's motion to dismiss. For the following reasons, the court grants the defendants' motion.

### INTRODUCTION

Plaintiff Minnesota Pesticide Information and Education, Inc. brought the present action to challenge the U.S. Forest Service's decision to discontinue use of herbicides in national forests in Minnesota and five other "Lake States National Forests." The Forest Service previously used pesticides in those national forests, but decided to discontinue such use in 1990. Because of its decision not to use pesticides, the Forest Service determined that an Environmental Impact Statement (EIS) investigating the effect of pesticides on the environment was no longer necessary. The plaintiffs filed this action, seeking to force the Forest Service to conduct an EIS to investigate the effects of the decision not to use pesticides in the Lake States National Forests.

Defendants filed the present motion to dismiss, alleging that plaintiffs have no standing to bring this action and that even if plaintiffs have standing, the decision not to use pesticides is not an "agency action" which triggers the requirements of the National Environmental Policy Act.

## DISCUSSION

### I. Standing

 In order to maintain an action in federal court, the plaintiff must establish it meets the standing requirements of Article III of the United States Constitution. In order to establish standing, plaintiff must make a three part showing: (1) plaintiff must have sustained an injury in fact; (2) there must be a causal connection between that injury and the complained-of conduct; and (3) it must be likely that the injury can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted). The court finds the plaintiff's complaint and arguments allege sufficient facts to establish general "user standing" to bring an action in federal court. *See Id.; Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). However, plaintiffs do not have standing to challenge this specific agency decision under the National Environmental Policy Act, as discussed below.

### II. Agency Action

 A threshold requirement to invoke the standards and procedural requirements of the National Environmental Policy Act (NEPA), is an "agency action." Therefore, a court considering a claim that an agency decision implicates NEPA must first determine whether the agency has undertaken any "action" within the meaning of the statute. *See State of South Dakota v. Andrus,* 614 F.2d 1190, 1193 (8th Cir.1980), *cert. denied,* 449 U.S. 822, 101 S.Ct. 80, 66 L.Ed.2d 24 (1980).

 The plaintiffs have failed to identify any federal agency action in this matter. They argue that the Forest Service's decision not to use pesticides constitutes an agency action. However, such a broad reading of the term would render the "agency action"

requirement meaningless by imposing the expensive and burdensome requirements of NEPA on agencies even when they decide to do nothing.[1] Absent some compelling argument or authority, the court refuses to adopt such an expansive reading of NEPA.

The Forest Service merely decided to discontinue use of pesticides in some national forests. This is not an agency action within the meaning of NEPA and therefore the Forest Service's decision is not subject to the requirements of the statute. Therefore, plaintiffs cannot maintain an action alleging that the Forest Service is violating NEPA. Plaintiffs have thus failed to establish subject matter jurisdiction of this court and have failed to state a claim upon which relief can be granted. Therefore, this action must be dismissed. *See* Rules 12(b)(1), (6) Fed. R.Civ.P.

Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to dismiss (Clerk Docket No. 6) is GRANTED.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

1. As the defendant suggests, an analogy illustrates the perverse effect of the understanding of NEPA advocated by the plaintiff. Suppose a federal agency decides to construct a new building. At that point, NEPA is implicated. However, if the agency changes its mind and abandons plans to construct the building, the agency is not required to conduct an environmental assessment or an environmental impact statement to determine the effect of its decision *not* to proceed with construction. Under the definition of agency action advocated by the plaintiffs and the view of NEPA it embodies, the agency would be required to go through the entire EA/EIS process to determine the effect of its decision not to construct a building. At best, this would seem an unwise use of public fiscal resources.